**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

UNITED STATES OF AMERICA                                                           PLAINTIFF

V.                          Case No. 4:18-cr-00357-JM-7

ISAAC MAY                                                                  DEFENDANT

**ORDER**

### I. Introduction

Before the Court is Defendant's Motion for Release due to COVID-19. *Doc.* 360. On August 27, 2018, this Court found by clear and convincing evidence that Defendant posed a danger to the community and ordered him detained. *Doc.* 110. On January 15, 2020, Defendant filed a motion for release claiming he was not receiving adequate medical care for his conditions of "chronic health pain, high blood pressure, high cholesterol, and fluid in his left knee." *Doc.* 249. After holding a hearing on that motion, the Court denied his motion "on the basis of his unsubstantiated medical complaints," especially since the Government presented records showing that Defendant was refusing medication for his conditions. *Doc.* 259. In his present motion, Defendant now requests that he be released due to his underlying health conditions and the risk of contracting COVID-19 at the Pulaski County Jail ("Jail"). *Doc.* 360. The Government filed a Response in Opposition to Defendant's Motion. *Doc.* 362.

### II. Discussion

Defendant does not state the statutory basis for his request. Under the Bail Reform Act, the Court may reconsider a detention order upon a finding that

> information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that

>will reasonably assure the appearance of the person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f). However, this analysis does not factor in harm *to the defendant*, and Defendant has presented no reason why COVID-19 "would reduce his risk of nonappearance or the risk that he poses to the community," so reconsideration is not warranted under 18 U.S.C. § 3142(f). *United States v. Bowers*, No. 19-00143-01-CR-W-BP, 2020 WL 5520567, at *1 (W.D. Mo. Sep. 14, 2020).

>Additionally, the Court may order temporary release under 18 U.S.C. § 3142(i):

>The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be *necessary* for preparation of the person's defense or *for another compelling reason*.

18 U.S.C. § 3142(i) (emphasis added). A defendant bears the burden of establishing circumstances warranting release under § 3142(i). *See United States v. Buswell*, No. 11-CR198-01, 2013 WL 210899, at *5 (W.D. La. Jan. 18, 2013) (collecting cases). This analysis can include harm to the defendant, so the Court construes Defendant's motion as a request under 18 U.S.C. § 3142(i). In a previous order on a motion for temporary release due to COVID-19, this Court joined many others in adopting United States Magistrate Judge Angel Mitchell's framework for addressing COVID-19 claims under § 3142(i). *See United States v. Lunnie*, No. 4:19-CR-00180 KGB, Doc. 35 (E.D. Ark. Apr. 2, 2020). Her framework is as follows:

>The court is mindful of the unprecedented magnitude of the COVID-19 pandemic and the extremely serious health risks it presents. But, in that context, a defendant should not be entitled to temporary release under § 3142(i) based solely on generalized COVID-19 fears and speculation. Rather, the court must make an individualized determination as to whether COVID-19 concerns present such a compelling reason in a particular case that temporary release is necessary under § 3142(i). In making that determination, the undersigned will evaluate at least the following factors: (1) the original grounds for the defendant's pretrial detention, (2) the specificity of the defendant's stated COVID-19 concerns, (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-

2

>19 risks to the defendant, and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others. The court will not necessarily weigh these factors equally, but will consider them as a whole to help guide the court's determination as to whether a 'compelling reason' exists such that temporary release is 'necessary.' § 3142(i).

*United States v. Clark*, 448 F. Supp. 3d 1152, 1156-57 (D. Kan. 2020). The Court will address these factors in turn.

### a. Original Grounds for Detention

The Court originally detained Defendant because it found by clear and convincing evidence that he posed a danger to the community. *Doc.* 110. In making that finding, the Court relied on Defendant's lengthy history of violent offenses, constant supervision violations including participating in criminal activity while on parole, and serious disciplinary violations while in ADC custody. Defendant states in his motion, "he no longer poses a danger to the community and is not a flight risk," *Doc.* 360 at 1, but provides no further explanation of this conclusory statement. Therefore, *Clark* factor one weighs heavily against release since the Court had serious concerns about the danger Defendant posed to the community—concerns that have not diminished.

### b. Specificity of the Defendant's Stated COVID-19 Concerns

As to the specificity of Defendant's COVID concerns, he states the following: "It is common knowledge that individuals with pre-existing health issues are at a higher risk of death if they contract Covid-19. It is also common knowledge that jail facilities, in particular the Pulaski County Jail, has recently experienced an increased number of inmates testing positive for Covid-19. With Mr. May's pre-existing health conditions and his detainment at the Pulaski County Jail, Mr. May fears for his life." *Doc.* 360 at 2. His underlying conditions include "chronic health pain, high blood pressure, high cholesterol, and fluid in his left knee." *Doc.* 360 at 1. First, Defendant provides no evidence supporting his claim that the Jail recently experienced an increase in COVID-

19 positive detainees. Second, the Government provided Defendant and this Court with emails from the Jail's health provider to the U.S. Marshal stating they had five COVID-19 positive detainees as of January 26, 2021. So, there is no evidence that COVID-19 transmission in the Jail is presently any worse than in the community at large. Still, the Court understands that certain individuals face a higher risk of negative consequences from contracting COVID-19 due to underlying conditions. According to the Centers for Disease Control and Prevention, individuals with high blood pressure "**might be at an increased risk** for severe illness from the virus that causes COVID-19." *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Dec. 29, 2020) (bold in original). In light of this risk, the CDC says those with high blood pressure should "[t]ake [their] medicines exactly as prescribed and follow [their] healthcare provider's recommendations for diet and exercise." *Id.* Thus, Defendant's high blood pressure poses a specific COVID-19 concern. However, an email from the Jail's health provider states Defendant was "non-compliant" with his physical therapy program, medications, weight checks, and blood pressure checks between August and December 2020. *Doc.* 362 at 3. According to separate emails from the Jail's health provider, Defendant resumed taking his medication in January 2021. Nevertheless, by refusing to comply with treatment and tend to his underlying health concerns that could heighten his risk of severe COVID-19 illness for months on end, Defendant undercuts his own specific concerns relating to COVID-19 exposure. Therefore, Defendant's COVID-19 concerns under *Clark* factor two do not weigh in favor of his release.

### c. Tailoring of Proposed Release Plan to Limit COVID-19 Exposure

The third and fourth factors both consider how the release plan minimizes COVID-19 exposure to self and others: "(3) the extent to which the proposed release plan is tailored to mitigate

4

or exacerbate other COVID-19 risks to the defendant, and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others." *Clark*, 448 F. Supp. 3d at 1157. Aside from requesting that he "be released on strict conditions (i.e. home incarceration with location monitoring)," *Doc.* 360 at 1-2, Defendant does not propose a release plan. Thus, the Court has no way of weighing the COVID-19 risks associated with release versus detention, and *Clark* factors three and four weigh neither for nor against Defendant's request.

### III.    Conclusion

Based on the foregoing, the Court finds Defendant has not established his potential exposure to COVID-19 as a "compelling reason" making temporary release "necessary" under § 3142(i). Therefore, Defendant's Motion for Release due to COVID-19 (*Doc.* 360) is denied.

IT IS SO ORDERED this 28th day of January, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

5