IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA

V.                NO. 4:18CR00357-7 JM

ISAAC MAY

**ORDER**

Pending is the Defendant's motion to sever, docket # 405.  The government has filed a response.

On April 7, 2021, a federal Grand Jury in the Eastern District of Arkansas returned a Second Superseding Indictment charging Defendant Isaac May and codefendant James Richards with crimes relating to drug trafficking activities between April 2017 and June 2018.  Specifically, Defendant May is charged with conspiracy to distribute and to possess with intent to distribute more than five kilograms of cocaine during that time period and use of a communication facility to facilitate a drug conspiracy.

May asks the Court for severance arguing that the government intends to introduce evidence and witnesses that would testify as to alleged criminal acts of Richards but not as to May.  Further, May argues that there is a substantial risk that a jury will confuse the acts of Richards as his acts.  May also argues that in his defense he will be required to seek the testimony of Richards and "if Mr. Richards exercises his Fifth Amendment right not to testify, then Mr. May would never be given his constitutional right to examine him."

First, the government affirmatively states that it intends to introduce evidence

against both May and Richards with regard to the charged conduct. "Generally, 'persons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together.'" *United States v. Lewis*, 557 F.3d 601, 609 (8th Cir. 2009) quoting, *United States v. Adkins,* 842 F.2d 210, 211 (8th Cir.1988). "Under Federal Rule of Criminal Procedure 14, a district court may grant a motion to sever the trial if a defendant shows that he would be prejudiced by a joint trial." *United States v. Frazier,* 280 F.3d 835, 844 (8th Cir. 2002). However, "it will be the rare case, if ever, where a district court should sever the trial of alleged coconspirators." *Id*. Further, severance "is not required merely 'because the evidence may have been more damaging against one [defendant] than the others'" *Id*. quoting, *United States v. Pou,* 953 F.2d 363, 369 (8th Cir.) (internal quotations omitted), *cert. denied,* 504 U.S. 926(1992). Finally, the Court is not required to grant a severance based on the Defendant's claim that he needs a separate trial in order to call co-defendants as witnesses, rather, the Defendant would be required to establish that the co-defendant actually would testify and that testimony would be exculpatory. *United States v. Blaylock*, 421 F.3d 758, 766 (8th Cir. 2005). Here, May has failed to show prejudice requiring a severance in this case.

Wherefore, Defendant's motion to sever is DENIED.

IT IS SO ORDERED this 9th day of April, 2021.

_____
James M. Moody Jr
United States District Judge